UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AURIA R. JAMES,

                Plaintiff,

-against-

THE CITY OF YONKERS, and Police Officers One, Two, Three, Four, Five, Six and Seven of the Yonkers Swat Team,

                Defendants.

15-cv-4333 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge

    On March 24, 2016, the Court requested that its previous order from June 16, 2015 be served on the parties after it came to the Court's attention that the Clerk of the Court had inadvertently failed to send the 2015 order to the parties. In the 2015 order, amongst other things, the Court directed the City of Yonkers to "ascertain the identities of the seven John Doe Police Officers whom Plaintiff seeks to sue," along with "the addresses where these defendants may be served." (Order at 2, ECF No. 5.) Plaintiff was required to amend the complaint in this action within thirty days of receiving this information. (*Id.* at 3.)

    By letter dated May 16, 2016, the City of Yonkers responded that it had concluded that *six* police officers "responded to the scene" of the incident in question: Sgt. Robert Zingaro, P.O. Ray Dugan, P.O. Shaun Hartley, P.O. Richard Gogola, P.O. David Medlar, and P.O. Richard Sullivan. (ECF No. 7.) The City indicated that all of the officers could be served at: The Yonkers Police Department, Records Division, 104 South Broadway, Yonkers, New York 10701. (*Id.*) It has been nearly a year since the City provided this information, but Plaintiff has not filed an amended complaint naming the John Doe defendants. Moreover, Plaintiff has not

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/25/2017

taken any action with respect to this case since filing the complaint on May 29, 2015. Under Rule 41(b) of the Federal Rules of Civil Procedure, "a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution . . . ." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966). *See West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute.").

The information regarding the John Doe officers was sent to Plaintiff's last known address:

> Auria R. James
> 269 East 194th Street
> Apt. 1E
> Bronx, NY 10458

"The duty to inform the Court and defendants of any change of address is an obligation that rests with all *pro se* plaintiffs." *Alomar v. Recard*, No. 07 Civ. 5654 (CS) (PED), 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (internal citation and quotation marks omitted). Plaintiff has not updated her address; therefore, the Court can only assume this address is still valid. If this address is no longer valid, Plaintiff should be aware that "[c]ourts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached." *Torres v. Yonkers Police Dep't*, No. 11 Civ. 1819 (LTS) (GWG), 2011 WL 2555854, at *2 (S.D.N.Y. June 28, 2011) (collecting cases); *Edwards v. Stevens*, No. 11 Civ. 7329 (PKC) (JLC), 2012 WL 3597663, at *2 (S.D.N.Y. Aug. 22, 2012).

The Court is mindful of Plaintiff's *pro se* status, but Plaintiff must also be mindful of the Court's time and limited resources: failure to advance this action for nearly a year since the City provided the necessary information regarding the John Does indicates to the Court that Plaintiff

2

would rather have the action dismissed than continue forward. *See generally Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 486 (2d Cir. 1994); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001).

Accordingly, it is hereby ORDERED that Plaintiff file her amended complaint on or before May 25, 2017. If Plaintiff does not file an amended complaint by that deadline, then this action may be dismissed without prejudice pursuant to Fed R. Civ. P. 41(b) for want of prosecution. Similarly, failure to update her address with the Court may also result in dismissal. If there are extenuating circumstances justifying Plaintiff's delay in this matter, then she should provide the Court with a written explanation prior to the deadline above. If Plaintiff continues to let this matter linger, then the Court will have no choice but to discontinue the action by dismissing the complaint and closing this case.

Dated: April 25, 2017
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge