UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AURIA R. JAMES,

                Plaintiffs,

-against-

DAVID MEDLAR, et al.,

                Defendants.

15-CV-4333(NSR)(PED)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Auria James commenced this action pursuant to 42 U.S.C. §§ 1983 and 1988 alleging various violations of her constitutional rights against the City of Yonkers, the Yonkers Police Department and several of its members. Now before the Court, is a Report and Recommendation ("R&R") issued by the Honorable Magistrate Judge Paul E. Davison ("MJ Davison") recommending that this Court DISMISS the operative complaint for failure to prosecute. For the following reasons, the Court adopts the R&R in its entirety and the complaint is deemed DISMISSED.

**Procedural Background**

Plaintiff filed her initial complaint on or about May 29, 2015, alleging claims sounding in violations of 42 U.S.C. §§ 1983 and 1988. ECF No. 2. Plaintiff's claims arise from the June 12, 2012 execution of a search warrant by the Yonkers Police Department at her home. Subsequent to the commencement of the action, the Court issued a *Valetin* Order and an order of service to allow for service of process upon the named defendants. By Order dated April 25, 207, the Court directed Plaintiff to file an amended complaint to reflect the proper identity and names of the "John Doe" defendants referenced in the original complaint. Plaintiff filed an amended complaint on December



20, 2017. On January 9, 2018, the Court issued an order of service for the purpose of executing service of process on all named defendants. On February 27, 2018, Defendants filed an answer to the amended complaint denying the allegations and asserting multiple affirmative defenses.

On May 2, 2018, the Court issued a Notice of Hearing informing all parties to appear before the Court on May 11, 2018 for an initial conference. Due to a scheduling conflict, Defendants' counsel requested that the initial conference be adjourned. In response, the Court issued an order directing the parties to confer, prepare a proposed case discovery and scheduling order, and submit same to MJ Davison, to whom the case was referred to for all pre-trial matters. MJ Davison directed the parties to appear on June 12, 2019 for an initial conference. On June 12, 2019, Plaintiff failed to appear as directed. Due to Plaintiff's failure to appear at scheduled conference, MJ Davison issued an Order to Show Cause requesting that Plaintiff demonstrate why the action should not be dismissed for failure to prosecute. On the following day, June 13, 2019, Plaintiff called MJ Davison's chambers and informed that she no longer wished to pursue her claims. Plaintiff was instructed to submit a written statement to the court indicating that she wished to discontinue her action, however, to date Plaintiff failed to communicate with the Court and had not taken any further action in pursue her claims. On October 15, 2019, MJ Davison issued the R &R recommending that Plaintiff's amended complaint be dismissed for lack of prosecution.

**Standard of Review**

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record.

*See, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g., Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

**Discussion**

In the present case, the R&R advised the parties that they had 14 days from service of the R&R to file any objection, and warned that failure to timely file such objection would result in waiver of any right to object. In addition, it expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, the parties have waived the right to object to the R & R or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the R&R, unguided by objections, and finds the R&R to be well reasoned, grounded in fact and law, and finds no clear error. Accordingly, the Court adopts the R&R in its entirety. Plaintiff's amended complaint is dismissed for failure to prosecute.

**Conclusion**

The amended complaint is DISMISSED for failure to prosecute. The Clerk of Court is directed to terminate the action, to mail a copy of this Order to Plaintiff at her last known address and to show proof of service on the docket.

Dated: October 30, 2019
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge